UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ASHLEY N. COBLE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-01365 |
| UNITED RECEIVABLES GROUP, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ASHLEY N. COBLE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of UNITED RECEIVABLES GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4.  Plaintiff is a consumer over 18 years of age and is a "person," as defined by 47 U.S.C. §153(39),

5.  Defendant is a third party debt collector that regularly collects or attempts to collect debts from consumers. Defendant is a limited liability company organized under the laws of the state of South Carolina with its principal place of business located at 572 John Ross Parkway, Suite 107 No. 12, Rock Hill, South Carolina.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.  The instant action arises out of the nature of Defendant's attempts to collect on a consumer debt ("subject debt") said to be owed by Plaintiff.

8.  The subject debt stems from Plaintiff's purported default in connection with a payday loan Plaintiff is said to have incurred for personal purposes sometime in 2006.

9.  For several months preceding the filing of this Complaint, Plaintiff was receiving phone calls from Defendant to her cellular phone, (817) XXX-6200, in an attempt to collect upon the subject debt.

10. Defendant mainly calls Plaintiff's cellular phone using the number (877) 711-2455, but upon belief, it has used other numbers as well.

11. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activities.

12. In addition to the phone calls Plaintiff received, Defendant placed phone calls to various third parties in connection with the subject debt, including Plaintiff's sister in law.

13. In its calls to both Plaintiff and Plaintiff's family members, Defendant consistently referred to itself only as "United."

14. In connection with one phone call, Defendant left Plaintiff's sister a voicemail message stating that the message was for Plaintiff, that the call was regarding a pending legal matter with Defendant, that Defendant needed a statement from Plaintiff, going on to state that the phone call was from a debt collector in an attempt to collect a debt.

15. Plaintiff's family members were in no way associated with the subject debt and Plaintiff did not provide their information to Defendant or any other entity purportedly involved with the subject debt.

16. As a result of the voicemail message, Plaintiff's sister in law contacted Plaintiff regarding the message, causing Plaintiff to feel extremely harassed and embarrassed that her sensitive financial information was disclosed to a third party absent any sort of consent on the part of Plaintiff for such disclosure.

17. Furthermore, Defendant's voicemail message falsely threatened the extent to which there was a pending legal matter involving Plaintiff and Defendant, as Plaintiff has not been served with process and there is demonstrably no pending legal matter involving the subject debt.

18. Defendant has placed multiple calls to Plaintiff's sister and other third parties regarding the subject debt.

19. Plaintiff further spoke with Defendant on at least one occasion.

3

20. This conversation was not the initial communication between the parties.

21. In this phone call, Defendant failed to disclose to Plaintiff that it was a debt collector, as required by 15 U.S.C. § 1692e(11).

22. Further, Defendant's representative made several false, misleading, and harassing statements to Plaintiff during this phone call.

23. After failing to disclose that it was a debt collector, Defendant advised that it was calling about the subject debt and asked whether Plaintiff would like to voluntarily take care of the debt, and in the event Plaintiff did not care to address, that the subject debt would proceed to litigation.

24. Defendant's representative thus confirmed the falsity of the voicemail message left on Plaintiff's sister in law's voicemail, as it is clear the subject debt was not subject to any sort of litigation.

25. Furthermore, Defendant's numerous and repeated threats and allusions to litigation were additionally false and misleading, since the subject debt would be past any applicable statute of limitations (sine it is from 2006), thus legally precluding Defendant from initiating *any* litigation in connection with the subject debt.

26. During this same phone call, Plaintiff asked that Defendant's phone calls stop and that Defendant send her any information about the subject debt in the mail.

27. Defendant responded that it had already sent Plaintiff information in the mail, further stating that it would continue calling or just submit the subject debt to litigation.

28. Plaintiff reiterated her demands that the phone calls stop.

29. In response, Defendant advised that the repeated phone calls to Plaintiff and her family members and friends would continue until the subject debt was addressed.

30. Defendant made such threats with the intent to harass Plaintiff into submission, as it hoped that the threats of continuing to contact third parties and disclosing information about her purported indebtedness to such third parties would harass Plaintiff into paying the debt so as to avoid the continued harassment and abuse she was experiencing as a result of Defendant's collection campaign.

31. Plaintiff has been unnecessarily harassed by Defendant's conduct.

32. Plaintiff has further been misled and deceived as to Defendant's rights available to it to go about collecting upon the subject, through both through the repeated false threats of litigation and the baseless threat of continuing to call third parties until Plaintiff made payment.

33. Frustrated over Defendant's Conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

34. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress stemming from Defendant's harassment, invasion of privacy given the disclosure of sensitive financial information to third parties, and being lied to and misled in a manner that presented a material risk of harm to Plaintiff's concrete interests under the FDCPA.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats and alleges paragraphs 1 through 33 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

37. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

38. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

39. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §§ 1692b(1)-(2), and § 1692c(b)**

40. The FDCPA, pursuant to 15 U.S.C. § 1692b, governs what debt collectors must do when placing phone calls to any person other than the consumer. Under 15 U.S.C. § 1692b(1), a debt collector must "state that [it] is confirming or correcting location information concerning the consumer . . . ." Under 15 U.S.C. § 1692b(2), a debt collector must "not state that such consumer owes any debt."

41. Furthermore, under § 1692(c)(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

42. Defendant violated 15 U.S.C. §§ 1692b(1) and (2), as well as § 1692c(b) through its contacts to Plaintiff's sister in law. Defendant violated 15 U.S.C. § 1692b(1) and b(2) by failing to state that it was confirming or correcting location information concerning Plaintiff when calling Plaintiff's sister in law. Rather than merely stating that it was seeking to confirm or correct location information, Defendant's calls to third parties disclosed information about the subject debt, including the fact that Plaintiff owed a debt and that Plaintiff was subject to some sort of legal proceeding in connection with such debt. This conduct violates the above referenced portions of the FDCPA.

43. Defendant further violated § 1692c(b) by contacting third parties without the prior consent of Plaintiff given directly to the debt collector. Defendant placed multiple phone calls to Plaintiff's family members without Plaintiff's consent. Plaintiff never provided her family member's

information to Defendant nor the original creditor. As such, Defendant did not have prior express consent to contact Plaintiff's family members regarding the subject debt, especially since Plaintiff explicitly demanded that the phone calls stop, underscoring its violation of the FDCPA.

### b. Violations of FDCPA § 1692d

44. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Pursuant to 15 U.S.C. § 1692d(6), debt collectors are similarly prohibited from engaging in "the placement of telephone calls without meaningful disclosure of the caller's identity."

45. Defendant violated § 1692d through its communication efforts directed towards Plaintiff's family members. By contacting Plaintiff's family members, Defendant engaged in conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff. Defendant contacted Plaintiff's family members hoping that such family members would reach out to Plaintiff and ask why they were getting calls regarding his situation, hoping that such outward pressure would make Plaintiff succumb to its collection efforts. Clearly, Defendant placed the calls to Plaintiff's family members as a tactic which it knew would have the natural consequence of harassing Plaintiff into engaging with it.

46. Defendant further violated § 1692d through its harassing threats of continuing to contact Plaintiff and third parties in response to Plaintiff's demands that the phone calls stop. Defendant made this harassing threat hoping that Plaintiff would succumb to the threat and make payment, lest Plaintiff's family members continue to be provided information about Plaintiff's personal and sensitive financial information. Defendant intended to engage in conduct which it knew would have the natural consequence of harassing and abusing Plaintiff.

47. Additionally, Defendant violated § 1692d(6) through its failure to meaningfully identity itself when speaking with Plaintiff. Defendant's disclosure of its identity as "United" falls woefully short of the FDCPA's requirement of *meaningful* identification of identity, as the mere use of United is not sufficient to clarify to Plaintiff the true identity of the caller, since there are numerous debt collectors that use some form of the word "United" in the name of their business.

### c. Violations of the FDCPA § 1692e

48. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication . . . that the debt collector is attempting to collect a debt and that any information will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).

50. Defendant violated §§ 1692e, e(5), and e(10) through its repeated threats of false litigation In the voicemail message it left Plaintiff's sister in law, Defendant explicitly, and falsely, represented that the subject debt was already subject to legal proceedings, when in fact it was not. Defendant further explicitly threatened to engage in litigation in connection with the subject debt, even though Defendant would not lawfully be able to do so given the age of the debt and the applicable statute of limitations.

8

51. Defendant further violated §§ 1692e and e(10) when it falsely represented its lawful ability to continue placing calls to third parties regarding Plaintiff's debt. Defendant explicitly represented that it had the lawful ability to contact such third parties, when in fact the nature of its communications with such parties was in direct violation of the FDCPA. As such, Defendant falsely and deceptively attempted to convince Plaintiff that its third party contacts were lawfully permissible, when in fact they were not.

52. Additionally, Defendant violated § 1692e, e(10), and e(11) when it failed to disclose to Plaintiff that it was a debt collector. In the conversation discussed above, since it constitutes a subsequent communication, Defendant was required to provide this disclosure, and it patently failed to do so. Even if this conversation was the first communication between the parties (and if it was, this would present a whole different host of violations on Defendant's part), Defendant similarly failed to advise Plaintiff that it was attempting to collect a debt and that any information would be used for that purpose. Defendant's failure in this regard obfuscated the nature of Defendant's connection to the subject debt, in a manner which undercut Plaintiff's statutorily-provided interests to be provided such information. The plain language of the FDCPA requires that Defendant disclose that it is a debt collector, which Defendant failed to do.

53. Further, Defendant violated §§ 1692e and e(10) by attempting to collect upon a debt without disclosing to Plaintiff that the subject debt was time-barred and past the applicable statute of limitations. In the Fifth Circuit, a debt collector violates the FDCPA when it attempts to collect upon a time-barred debt without disclosing that fact to a consumer. Defendant's failure to do so in this regard, even absent its blatantly false threats of litigation, is in direct violation of the FDCPA.

d. **Violations of FDCPA § 1692f**

54. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

55. Defendant violated §1692f when it unfairly contacted Plaintiff's family members and disclosed sensitive personal financial information to such third parties.

56. Defendant violated § 1692f when it unfairly informed a third party that Plaintiff's debt was subject to legal proceedings, when in fact it was not.

57. Defendant violated § 1692f when it unfairly informed Plaintiff that if she did not pay the subject debt she would be sued, given Defendant's lack of intent to follow through on such threats and the fact that Defendant would not be lawfully permitted to engage in such conduct.

58. Defendant violated § 1692f when it unfairly obfuscated the nature of its role in connection with the subject debt.

59. Finally, Defendant violated § 1692f when it unfairly informed Plaintiff that the phone calls to her and third parties would continue despite Plaintiff's requests that the calls stop. The false and harassing nature of such threats were similarly unfair.

WHEREFORE, Plaintiff ASHLEY N. COBLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

60. Plaintiff restates and realleges paragraphs 1 through 59 as though fully set forth herein.

61. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

62. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

63. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

64. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

65. Defendant violated the TDCA when it misleadingly threatened litigation in connection with a debt that had passed its applicable statute of limitations.

66. Defendant violated the TDCA when it falsely threatened that legal proceedings had been initiated in connection with the subject debt, when in fact such proceedings had not been initiated.

67. Defendant violated the TDCA when it falsely threatened its lawful ability to continue contacting certain third parties.

WHEREFORE, Plaintiff, ASHLEY N. COBLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

    c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

    d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 27, 2020                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)             s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                 Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                            Counsel for Plaintiff
Admitted in the Northern District of Texas       Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                         Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
(630) 568-3056 (phone)                           (630) 581-5858 (phone)
(630) 575-8188 (fax)                             (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                         thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com